# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **DILLARD THOMAS,** ) | |
| ) | |
| **Plaintiff,** ) | No. 15-cv-8068 |
| ) | |
| v. ) | Judge Ronald A. Guzmán |
| ) | |
| **CAROLYN W. COLVIN, Acting** ) | |
| **Commissioner of Social Security** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff's motion to proceed *in forma pauperis* [4] is granted. The Clerk is instructed to issue summons for service of the complaint on the Defendant. The United States Marshals Service is appointed to serve the Defendant. The Clerk is directed to provide USM-285 forms to Plaintiff along with a copy of this order. Plaintiff must complete a service form for the Defendant and return the form to the Clerk of Court. Failure by Plaintiff to return the USM-285 form within 30 days of the date of this order may result in dismissal of the case for failure to prosecute. The Marshal is authorized to mail a request for waiver of service to the Defendant in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

## STATEMENT

Plaintiff seeks leave to file his Social Security appeal *in forma pauperis* ("IFP"). In order to authorize a litigant to proceed IFP, the Court must make two determinations: (1) whether the litigant is unable to pay the costs of commencing the action; and (2) whether the action is frivolous or malicious. 28 U.S.C. § 1915(a).

Plaintiff's IFP application states that he is unemployed but ears roughly $100 per month on his own and $196 per month in public assistance. He has no dependents, and no other sources of income. Moreover, he does not reside consistently in once place, but "stays back and forth with different family members." (Pl.'s IFP Application [Dkt. #4] at 2.) In light of these circumstances, the Court finds that Plaintiff satisfies the requirement to proceed without payment of the filing fee. *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (explaining that a plaintiff need not be totally destitute to qualify for IFP).

The Court further finds that this action is neither frivolous nor malicious for the purposes of Section 1915(a). Under 42 U.S.C. § 405(g), Plaintiff has the right to district court review of the Social Security Administration's determination that he is ineligible for benefits. Moreover, Plaintiff filed his complaint through counsel, who has an independent duty not to file frivolous or malicious claims. The Court is therefore satisfied that Plaintiff's cause of action is sufficiently meritorious to qualify for IFP.

The Clerk is instructed to issue a summons for service of the complaint on the Defendant. The United States Marshals Service is appointed to serve the Defendant. The Court advises Plaintiff that a completed USM-285 (Marshals service) form is required for service. The Clerk is directed to provide a USM-285 form to Plaintiff along with a copy of this order. The Marshal will not attempt service on the defendant unless and until the required form is received. Therefore, Plaintiff must complete a service form and return the form to the Clerk of Court. Failure to return the USM-285 form within 30 days of the date of this order may result in dismissal of the case for failure to prosecute. The Marshal is authorized to mail a request for waiver of service to the defendant in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

SO ORDERED. ENTERED: September 15, 2015

_____
**HON. RONALD A. GUZMÁN**
**United States District Judge**